United States District Court
Southern District of Texas
**ENTERED**
January 24, 2019
David J. Bradley, Clerk

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY ORTIZ, (TDCJ-CID #753367) | § § § | |
| Plaintiff, | § § | |
| vs. | § | CIVIL ACTION H-16-3555 |
| LORIE DAVIS, et al., | § § § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Anthony Ortiz, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in December 2016, alleging civil rights violations resulting from a denial of due process and exposure to extreme heat. Ortiz, proceeding pro se and in forma pauperis, sues Lorie Davis, Director of the TDCJ-CID; Robert Herrera, Warden of the Pack I Unit; Donald J. Bilnoski, Assistant Warden of the Pack I Unit; and Sharon M. Boniaby, officer at the Pack I Unit.

The threshold issue is whether Ortiz's claims should be dismissed as frivolous.

**I.     Background**

In an order entered on November 9, 2017, this Court struck the following pleadings from the record: Ortiz's original complaint, (Docket Entry No. 1), first amended complaint, (Docket Entry No. 24), second amended complaint, (Docket Entry No. 28), third amended complaint, (Docket Entry No. 32), and fourth amended complaint, (Docket Entry No. 34). (Docket Entry No. 40). This Court

O:\RAO\VDG\2016\16-3555.h01.wpd

ordered Ortiz to file an amended complaint in this case using the attached forms by December 12, 2017. Ortiz was admonished that his amended complaint must comply with the Federal Rules of Civil Procedure by including only one claim (*i.e.*, one set of related facts and circumstances stemming from one incident or issue), unless the other contentions alleged are related to the same incident. All unrelated claims must be filed as separate actions. Ortiz's amended complaint must consist of no more than the five-page form provided by the Clerk plus a legibly handwritten or double-spaced typed addendum consisting of no more than ten pages, for a total of fifteen pages or less. This Court admonished Ortiz not to attach any exhibits to the amended complaint. This Court advised Ortiz not to include any legal arguments or extensive details in his complaint. Finally, this Court instructed Ortiz to provide the essential facts surrounding a single transaction. On December 11, 2017, Ortiz filed a fifth amended complaint, (Docket Entry No. 44), and on January 22, 2018, he filed a supplement. (Docket Entry No. 47).

Ortiz complains of the denial of due process and exposure to extreme heat while confined at the Pack I Unit. In Civil Action Number 4:14-1698, *Cole v. Collier*, inmates in the Wallace Pack Unit, operated by the Texas Department of Criminal Justice (TDCJ), brought a lawsuit to challenge TDCJ's alleged policies and practices of exposing the inmates to extreme heat conditions in their housing areas during the summer months. The Wallace Pack Unit is a prison located in Navasota, Texas. Plaintiffs contend that, without climate control or adequate mitigation measures, defendants are failing to protect the inmates from the harmful and potentially fatal effects of prolonged exposure to such high temperatures.

Plaintiffs filed an Amended Motion for Class Certification. Plaintiffs had asked the Court to certify one General Class and two sub-classes. An evidentiary hearing was held on the matter on

May 27, 2016, June 1, 2016, and June 2, 2016, during which time the Court heard from four expert witnesses. After considering the evidence and the arguments and briefs from counsel, this Court found on June 14, 2016, that the Motion for Class Certification should be granted. (Docket Entry No. 473).

On March 27, 2018, the Court entered the following Notice of Class Action in Civil Action Number 4:14-1698. (Docket Entry No. 1065).

> CLASS ACTION NOTICE
> If you were a prisoner at the Pack Unit between July 19, 2017 and August 8, 2017 and are currently in TDCJ custody, or were living at the Pack Unit on March 6, 2018, you have rights from a class action lawsuit settlement. The judge in the lawsuit found that hot summer temperatures in the Pack Unit are dangerous. TDCJ and the prisoners who brought the lawsuit on behalf of the class agreed to settle the case by air conditioning the Pack Unit's housing areas.
>
> YOUR RIGHTS
> If you were assigned to the Pack Unit between July 19, 2017 and August 8, 2017 and are still in TDCJ custody, or were living at the Pack Unit on March 6, 2018, you have these rights:
>
> TDCJ will air condition the Pack Unit. TDCJ is required to turn on the air conditioning between April 15 and October 15 every year as necessary to keep the indoor heat index at 88F or below at the Pack Unit.
>
> You will be entitled to live in air-conditioned housing. If TDCJ moves you to a different prison, you will still have an airconditioned housing assignment.
>
> If you have any "heat sensitive" medical condition listed on the attached form, TDCJ will transport you in an air-conditioned vehicle any time you leave the Pack Unit during the summer.
>
> All programs required for parole will be offered at an airconditioned prison, except for the InnerChange Freedom Initiative.
>
> You will get all these rights until you are released from TDCJ

> custody.
>
> You do not need to do anything to enjoy these rights. Other prisoners have gone to court for you. The lawsuit is *Cole v. Collier*, No. 4:14-cv-01698 (S.D. Tex.). A team of lawyers spent over 10,000 hours working on the case over the last four years, and incurred over $300,000 in expenses for the case. TDCJ will pay the lawyers who represented the prisoners in this case $4,500,000 for their time and expenses as part of the settlement. The parties' motion to approve the settlement, including approval of the attorneys' fees, was filed on March 6, 2018.
>
> The Court will hold a hearing to decide whether to approve the settlement on Tuesday, May 8, 2018, at 2:00 pm in the United States District Court for the Southern District of Texas, 515 Rusk Avenue, Courtroom 3A, Houston, Texas. Parties may appear by telephone by calling in on the Court's dial-in number at 713-250-5238. Relevant parts of the lawsuit are in the law library for you to read.
>
> If you do not want these benefits, you may opt out of the lawsuit. A form explaining how to opt out of the lawsuit is attached.

Members of the class in Civil Action Number 4:14-1698 were provided with the following opt-out form:

> OPT OUT FORM
>
> You may choose to give up your rights from the lawsuit. This is called "opting out." If you opt out, TDCJ can house you in a prison without air conditioning and transport you in non-air-conditioned vehicles.
>
> If you opt out, you are giving up the right to stop TDCJ from moving you to a prison that does not have air conditioning, and your right to travel in an airconditioned vehicle (if you are heat sensitive). SUMMER TEMPERATURES ARE DANGEROUS. You will be at risk of heat-related illness or *death* without air conditioning. Many prisoners have died living in TDCJ prisons without air conditioning. If you opt out, you give up all rights you have under this lawsuit *forever*.

Signing below means you want to "opt out." DO NOT SIGN IF YOU WANT THE RIGHT TO AIR CONDITIONING UNDER THIS SETTLEMENT. Only sign below if you want to "opt out." If you want the benefits of the lawsuit, you do not need to do anything.

Members of the class were provided with the following information regarding THE *COLE V. COLLIER* CLASS ACTION:

**What rights do I have related to this case?** If you are a member of the class, you are part of a proposed settlement agreement with TDCJ. A "Class Action Notice" has been posted and advises you of your rights. You will also receive a personal copy of the "Class Action Notice" if you are a class member and are on the list. If you believe you are a class member and do not receive a notice, please contact the lawyers at the address above.

**What rights do I have if I am *not* in the class?** If you are not in the class, you are not a party to the *Cole* case. Since you are not a party to the *Cole* case, the settlement does not release any of your possible claims against TDCJ or prevent you from filing a lawsuit.

If you are a prisoner with concerns or complaints regarding conditions of confinement at your unit, including heat-related issues, you can file a grievance with TDCJ. If you want judicial relief from the courts, you must pursue your claims through a properly-filed lawsuit, in a court of appropriate jurisdiction. Before filing a lawsuit, you should complete both Step 1 and Step 2 of TDCJ's grievance process.

In the instant case, Ortiz indicates that he is a member of a sub-class in *Cole v. Collier*. (Docket Entry No. 47, p. 25). Ortiz's name appears on a list of class members in Civil Action Number 4:14-1698. (Docket Entry No. 1065, p. 24).

On May 31, 2018, this Court ordered Ortiz, in the instant case, to submit a written response to the following interrogatories by July 2, 2018, regarding whether he intended to litigate his heat-related claims in 4:14-1698 or whether he wished to opt out of that class. (Docket Entry No. 53). The interrogatories and Ortiz's responses are as follows:

> Q: (1) Has Ortiz filed an opt-out form in Civil Action

>             Number 4:16-1698?
>
> A:    I haven't yet but I am on 6-7-18.
>
> Q:    (2)    Does Ortiz intend to file an opt-out form in Civil Action Number 4:16-1698?
>
> A:    Yes I do. On 6-7-18 I sent the opt-out form to the Edwards Law [office] . . .
>
> Q:    (3)    Does Ortiz wish to continue as a member of the class in Civil Action Number 4:16-1698?
>
> A:    No.
>
> Q:    (4)    Does Ortiz wish to litigate the issue of extreme heat in the instant action, Civil Action Number 4:16-3555?
>
> A:    Yes.

(Docket Entry No. 54).

In the instant case, Ortiz states that he submitted an opt-out form to the Edwards Law firm on June 7, 2018. (Docket Entry No. 54, p. 1). A review of the docket sheet in Civil Action Number 4:14-1698 reveals that Ortiz filed a handwritten motion to opt-out in this Court on December 27, 2018. In that motion, Ortiz stated, "Plaintiff, Anthony Ortiz #753378 wants to Opt Out of Class Action Settlement to Cole vs Collier, Case No. 4:14-CV-01698 United States District Judge, Vanessa D. Gilmore says I have to Opt Out to pursue Case No. 4:16-CV-03555." (Docket Entry No. 1358).

In Civil Action Number 4:14-1698, this Court noted that opt outs must be approved by the Court in accordance with the settlement agreement. (Docket Entry No. 989-4, pp. 17-18). Class counsel will personally interview each inmate and determine if there is any reason to oppose the request to opt out. With regard to prior motions to opt out, Class Counsel met with the individuals

in person at the Pack Unit and explained the opt-out process and their rights under the settlement. Class Counsel could then determine if the individual has a rational understanding of the opt-out process, the rights he is surrendering, and that once he has "opted out" of the lawsuit that any rights he has under the settlement have been forever extinguished.

Since preliminary approval of the settlement, Class Counsel met with a total of twenty-seven inmates who have submitted the opt-out forms provided in the settlement agreement. After meeting with counsel who explained the settlement and their rights, four inmates chose to withdraw their requests to opt out. Class Counsel will determine whether Ortiz is experiencing coercion or retaliation. At that point, Class Counsel will file a motion to have Ortiz's request to opt out approved.

To date, the Court has not approved Ortiz's motion to opt out of the class in Civil Action Number 4:14-1698. Ortiz is currently a member of the class in Civil Action Number 4:14-1698, and he must litigate his heat-related claims in that lawsuit.

## II. Ortiz's Allegations

Ortiz explains that on May 26, 2016, a storm damaged the exhaust fans, causing the inadequate ventilation. Ortiz asserts that the inadequate ventilation is adversely affecting the health of the inmates and the sanitation of the prison. Ortiz states that he is a Type I diabetic. He also suffers from hypertension, high cholesterol, and acid reflux. Ortiz explains that his diabetes prevents him from regulating his body temperature because he is unable to sweat. Ortiz states that he is sixty-five years old, and since 2010, the extreme heat in the Pack I Unit places him at risk of heat stroke or death.

Ortiz asserts that on August 10, 2016, at 3:40 p.m., the temperature within 7 dorm in the Pack

I Unit was 108 degrees. Ortiz states that he took off his shirt and got a glass of water. Officer Boniaby allegedly demanded to have Ortiz's ID. She kept his ID card. As a result, Ortiz was unable to get his insulin or go to chow. Ortiz states that he began sweating, and this was dangerous for him as a diabetic. Officers Njorge and Boniaby knew it was 108 degrees but refused to let him got to a cool-down area.

Ortiz asserts that Officer Boniaby charged Ortiz with disobeying an order to be dressed in the dayroom in disciplinary case number 20160373907. Officer Houston conducted a disciplinary hearing in case 20160373907. The disciplinary hearing officer, Clarence Houston, found Ortiz guilty and imposed the maximum punishment, 30 days loss of commissary privileges and 30 days loss of recreation privileges. Ortiz complains that he was not allowed to call witnesses. Ortiz explains that his witness would have testified that he heard Officer Boniaby say, "I'm not gong to f— with any of you so give your id." Boniaby kept Ortiz's ID, and this prevented Ortiz from getting his insulin. Ortiz asserts that Officer Boniaby violated TDCJ policy by falsifying a state document and using vulgar language. Ortiz asserts that Officer Njorge did not allow Ortiz to get his insulin. Ortiz claims that M. Blalock did not investigate grievance 2016198216, and Officer J. Lopez did not investigate grievance 2016194129. Ortiz maintains that Lori Davis is responsible for the overall operation of the TDCJ, and Robert D. Herrera, Warden of the Pack Unit, is responsible for his subordinates.

Ortiz seeks:

(1)  a declaration that the acts and omissions described herein violated Ortiz's rights under the Constitution and laws of the United States;

(2)  a preliminary and permanent injunction prohibiting them from violating his civil rights; and

(3)  punitive damages in the amount of $250,000.00 against each defendant.

## III. Discussion

A federal court has the authority to dismiss an action in which the plaintiff is proceeding in forma pauperis before service if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

## IV. The Due Process Claims

### A. The Claim of Improper Disciplinary Violations

"Prison discipline proceedings are not a part of a criminal prosecution, and the full panoply of rights due a criminal defendant does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). When punishment for a prison disciplinary cause does not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest," there is no "protected liberty interest" that would entitle the inmate to procedural due process rights. *Sandin v. Conner*, 515 U.S. 472, 486 (1995). Prisoners charged with rule infractions are entitled to certain due process rights under the Fourteenth Amendment when disciplinary action may result in a sanction that impinges upon a liberty interest. *Hudson v. Johnson*, 242 F.3d 534, 535-36 (5th Cir. 2001). In Texas, however, only sanctions that result in the loss of good time credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest. *Malchi v. Thaler*, 211 F.3d 953, 957-58

(5th Cir. 2000); *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997); *Orellana v. Kyle,* 65 F.3d 29, 31-33 (5th Cir. 1995).

Ortiz does not indicate whether he is eligible for release to mandatory supervision. Ortiz did not lose good time credit; instead, he lost 30 days of commissary privileges and 30 days of recreation privileges. Ortiz's due process claims against the defendants, therefore, are not cognizable because he does not have a liberty interest in the punishment assessed for the disciplinary violation that would implicate due process.

Additionally, Ortiz's due process claims against the defendants are subject to dismissal. To recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* If a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* A "conviction" for purposes of *Heck* includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good-time credits. *Edwards v. Balisok,* 520 U.S. 641 (1997).

Ortiz does not allege, and the record does not show, that his disciplinary conviction has been

invalidated. A favorable judgment on Ortiz's claims would necessarily imply the invalidity of Ortiz's disciplinary conviction. Even if Ortiz seeks redress for the deprivation afforded to him in the context of the disciplinary hearing, his due process claim would fail. Ortiz does not explain how his disciplinary hearing was deficient. Ortiz states that he did attend, but he was not allowed to call any of his requested witnesses. If the omission of the witness or document would not have brought about a different result at the disciplinary hearing, thereby calling into question the validity of his conviction, the omission of that witness or evidence is harmless. Absent a showing of harm or that his proceeding was rendered fundamentally unfair, Ortiz has no due process claim. *See, e.g., United States v. Carreon,* 11 F.3d 1225, 1239 (5th Cir. 1994).

Alternatively, the Court will consider whether Ortiz's disciplinary hearing satisfied the *Wolff* due process requirements. Ortiz states that on August 10, 2016, Officer Boniaby falsely charged him with failing to obey an order.

Defendant Boniaby charged Ortiz as follows:

> On the date and time listed above, and at P1 7 dorm dayroom, Offender: Ortiz, Anthony, TDCJ-ID No. 007753367, was ordered by Officer S. Boniaby to be dressed in the dayroom and said offender failed to obey the order.

(Docket Entry No. 1, p. 40).

Ortiz received notification of the charge on August 13, 2016. (*Id.*). The disciplinary hearing officer, Lieutenant Houston, conducted the disciplinary hearing on August 14, 2016. From his own pleadings, it appears that Ortiz had notice of the charges and the opportunity to make a statement at the hearing. The disciplinary record shows that Ortiz was charged with a minor offense, and for this reason, it appears that Ortiz was not allowed to call witnesses. Ortiz has not shown a due process

violation that would support the relief he seeks. *See Wolff,* 418 U.S. at 563-66.

In reviewing a prison disciplinary decision, "the standard to be applied is whether or not actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion." *Smith v. Rabalais,* 659 F.2d 539, 545 (1981)(citing *Thomas v. Estelle,* 603 F.2d 488, 490 (5th Cir. 1979)). "The findings of a prison disciplinary hearing will not be disturbed unless they are arbitrary and capricious." *Banuelos v. McFarland,* 41 F.3d 232, 234 (5th Cir. 1995). "[T]he requirements of due process are satisfied if some evidence supports the decision of the prison disciplinary board to revoke good time credits." *Superintendent v. Hill,* 472 U.S. 445, 455 (1985).

There was "some evidence" to support Lt. Houston's finding of guilt. The finding of guilt was based on the charging officer's report. Ortiz's due process claim based on illegal disciplinary proceedings is dismissed as legally frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

### B. The Claim of an Inadequate Grievance System

Ortiz alleges that the defendants violated his civil rights by failing to resolve the complaints presented in his grievances. "A prisoner has a liberty interest only in freedoms from restraint imposing atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005) (internal citation and quotation omitted). An inmate does not have a constitutionally protected liberty interest in having grievances resolved to his satisfaction. There is no due process violation when prison officials fail to do so. *Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005); *see also Edmond v. Martin, et al.,* slip op. no. 95-60666 (5th Cir., Oct. 2, 1996) (unpublished) (prisoner's claim that a defendant "failed to investigate and denied his grievance" raises no constitutional issue); *Thomas v. Lensing, et al.,* slip op. no. 01-30658 (5th Cir., Dec. 11, 2001) (unpublished) (same). The defendants' alleged failure

to address the grievances to Ortiz's satisfaction did not violate his constitutional rights.

Ortiz filed a Step One Grievance, and Warden Herrera responded as follows:

"Grievance Response: Minor disciplinary case #20160373907 has been reviewed. There was sufficient evidence to support guilty finding and the punishment imposed was within agency guidelines. No due process or procedural errors were noted. No further action is warranted." (Docket Entry No. 1-1, p. 6).

Ortiz filed a Step Two Grievance, and Blalock responded as follows:

> Grievance Response:
> A review of Disciplinary Case #20160373907 has been conducted. The hearing records support the guilty finding. The punishment was within established guidelines and no due process errors identified. Your allegations of your life being in danger due to not receiving your insulin, was reviewed. Information provided by the Office of Professional Standards reveals, that your life was not put into jeopardy for missing your PM dose 8/10/16. No further action is warranted by this office.

(Docket Entry No. 1-1, p. 8).

The excerpts from the grievance responses submitted by Ortiz show that the defendants investigated his grievances and provided timely responses. (Docket Entry No. 1-1, pp. 1-8). Ortiz's due process claim based on an inadequate grievance procedure lacks merit.

## V. Conclusion

The action filed by Anthony Ortiz (TDCJ-CID Inmate #753367) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i). Ortiz's Motion for Summary Judgment, (Docket Entry No. 57), is DENIED.

The TDCJ-CID must continue to deduct twenty percent of each deposit made to Ortiz's inmate trust account and forward payments to the Court on a regular basis, provided the account

exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on Jan. 24, 2019.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE